UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW KRYCINSKI,

              Plaintiff,                        Case No.  1:06-CV-67

v.                                          HON. ROBERT J. JONKER

MARK PACKOWSKI,

              Defendant.

_____/

### OPINION AND ORDER

This matter is before the Court on Defendant's motion for a stay of further trial-court proceedings pending resolution of Defendant's appeal from this Court's partial denial of a motion for summary judgment asserting qualified immunity to Plaintiff's federal claims. (docket # 177).  The Court also denied summary judgment on parallel state-law claims to which Defendant did not assert any immunity defense.  (docket # 157).

Under these circumstances, the authority of this Court to proceed to trial on claims still within its jurisdiction, and the prudence of such a decision, deserve careful consideration.  The Court attempted to raise these issues with counsel by adjourning the final pretrial conference and trial date that had been long set in the case, and by simultaneously ordering the parties to present a joint status report addressing these issues by April 14, 2008.  (docket ## 175–76).  The parties did not submit a joint status report as ordered, but Defendant has filed its motion to stay, which recites that Plaintiff does not

oppose it. (docket # 177). Accordingly, the Court will address the issues in response to Defendant's motion.

### Authority to Proceed to Trial In This Case

When a defendant files a notice of appeal of a district court's denial of qualified immunity on federal claims, the district court is generally immediately divested of jurisdiction over those claims. *Yates v. Cleveland*, 941 F.2d 444, 447 (6th Cir. 1991). However, a district court has discretion to retain jurisdiction over the federal claims and proceed to trial on them by making a finding of waiver or frivolousness with respect to the interlocutory appeal. *Id.* at 448–49 (citing *Abel v. Miller*, 904 F.2d 394 (7th Cir. 1990) (Easterbrook, J.); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) (Easterbrook, J.)). Moreover, a defendant's interlocutory appeal on federal qualified immunity does not divest the district court of jurisdiction over pendent state-law claims, at least not unless state-law immunity provides immunity from suit (not just liability) and was asserted, denied, and appealed as well. *Knox v. City of Royal Oak*, No. 06-10428, 2007 U.S. Dist. LEXIS 44554, at *4–*5 (E.D. Mich. June 20, 2007) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). This is because a district court is divested of jurisdiction over only those "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58 (citing *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966)). In this case, Defendant did not raise a state-law immunity defense. Thus the only aspect of this case that is even arguably involved in the interlocutory

appeal is Defendant's claim of federal qualified immunity.  Accordingly, the Court retains jurisdiction over Plaintiff's state-law claims and has the authority to proceed to trial on those claims despite the interlocutory appeal on federal qualified immunity.

### *Discussion of Michigan Immunity Doctrine*

Even if Defendant had raised state-law immunity under Michigan law and the Court had denied Defendant's motion for summary judgment on that issue, the Court believes the legally correct view would be that no interlocutory appeal would properly be available on the issue in federal court.  If a district court denies a motion for summary judgment on state-law immunity, the district court is not divested of jurisdiction over the state-law claims upon the filing of a notice of appeal unless state substantive law—like federal substantive law—provides immunity from suit and not just liability.  *Zilich v. Longo*, 34 F.3d 359, 365 n.5 (6th Cir. 1994) (citing *Marrical v. Detroit News, Inc.*, 805 F.2d 169, 172–75 (6th Cir. 1986)); *Walton v. Southfield*, 995 F.2d 1331, 1343 (6th Cir. 1993) (citing *Marrical*, 805 F.2d at 172).  This means that Michigan substantive—not procedural—law determines whether a U.S. district court's denial of state-law immunity is immediately appealable.  *Walton*, 995 F.2d at 1343 (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Brown v. Grabowski*, 922 F.2d 1097, 1106–07 (3d Cir. 1990) (citing *Erie R.R. Co.*, 304 U.S. 64; *Sorey v. Kellett*, 849 F.2d 960, 962 (5th Cir. 1988)); *Marrical*, 805 F.2d at 172.

In 1993 the Sixth Circuit interpreted Michigan substantive law as providing immunity from liability only, and not from suit.  *Walton*, 995 F.2d at 1344 (citing MICH. COMP. LAWS § 691.1407).   The ruling was based on a straightforward application of Michigan's governmental immunity statute, which provides in relevant part that:

> (1) Except as otherwise provided in this act, a governmental agency is immune from tort *liability* if the governmental agency is engaged in the exercise or discharge of a governmental function.  Except as otherwise provided in this act, this act does not modify or restrict the immunity of the state from tort *liability* as it existed before July 1, 1965, which immunity is affirmed.

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort *liability* for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

> . . . .

> (5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort *liability* for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

> (6) A guardian ad litem is immune from civil *liability* for an injury to a person or damage to property if he or she is acting within the scope of his or her authority as guardian ad litem.  This subsection applies to actions filed before, on, or after May 1, 1996.

MICH. COMP. LAWS § 691.1407 (emphasis added).   The statutory language speaks of immunity only from liability, and not from suit.  The Michigan Supreme Court has never

4

called the Sixth Circuit's holding into question by suggesting that section 691.1407 provides immunity from suit.  Nor has the Michigan legislature amended the language of the statute—it still plainly provides immunity from "liability," not "suit."

The only explicit holding from the Michigan Supreme Court on the issue is consistent with the Sixth Circuit's holding in *Walton*.  *Ross v. Consumers Power Co.*, 363 N.W.2d 641 (Mich. 1984).  Michigan caselaw since then has been somewhat less than precise.  *See, e.g.*, *Walsh v. Taylor*, 689 N.W.2d 506, 511 (Mich. Ct. App. 2004) (citing section 691.1407 for the proposition that Michigan law provides immunity from liability, and citing *Mitchell v Forsyth*, 472 U.S. 511 (1985), in support of the claimed premise that immunity from liability is essentially synonymous with immunity from suit).  In any event, no Michigan case squarely holds that section 691.1407 extends immunity from suit.  Moreover, the plain language of the section provides that Michigan law extends immunity from liability.  MICH. COMP. LAWS § 691.1407 ("[A] governmental agency is immune from tort *liability* . . . ." (emphasis added)).  The Michigan Supreme Court, if faced with the question, would likely apply a textualist interpretation technique to hold that the plain and unambiguous language in section 691.1407 means what it says and extends immunity only from liability and not suit.  *See Paige v. Sterling Heights*, 720 N.W.2d 219, 224 (Mich. 2006) ("If the statute is unambiguous, judicial construction is neither required nor permitted.  In other words, '[b]ecause the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute.'" (quoting *Reed v.*

*Yackell*, 703 N.W.2d 1, 6 (Mich. 2005))).  Indeed, the statutory language at issue here could hardly be clearer, and if the Michigan legislature had meant to extend immunity from "suit," it could easily have used that word.  Instead, it chose to use the word "liability."

There has, however, been a change in the Michigan Court Rules since 1993.  The Michigan Supreme Court has amended the Michigan Court Rules to provide that the Michigan Court of Appeals has jurisdiction over an appeal filed by an aggrieved party from "[a]n order denying governmental immunity to a governmental party, including a governmental agency, official, or employee."  MICH. CT. R. 7.202(6)(a)(v), .203(A)(1). Since 1993, when the Sixth Circuit held that Michigan substantive law did not extend immunity from suit, *Walton*, 995 F.2d at 1344, this is the only thing that has changed with respect to state-law governmental immunity in Michigan.    Rule 7.202(6)(a)(v)— promulgated by the Supreme Court, and not the legislature—did not amend section 691.1407.  It could not effect a change in Michigan's substantive immunity law.  Nor could it dictate a matter of federal procedure.   It is simply a state procedural rule.  The federal courts have their own procedures for determining when an order of a district court is final and appealable.[1]  *See* 28 U.S.C. § 1291; *Behrens v. Pelletier*, 516 U.S. 299, 305–06 (1996) (discussing appealable final orders and the "small class" of appealable collateral orders);

---

[1]A U.S. circuit court would not look to the Michigan Court Rules to determine whether a U.S. district court's order was a "final order" any more than it would look to the Michigan Court Rules to determine whether a paper was "fil[ed]" with the district court. *See* MICH. CT. R. 7.202(4), (6)(a)(v) (defining both "filing," and "final order" for purposes of subchapter 7 of the Michigan Court Rules).

*Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956) (holding that, under FED. R. CIV. P. 54 and 28 U.S.C. § 1291, an order is final and appealable if the district court certifies it as a final order and the court of appeals is satisfied there has been no abuse of discretion).   In short, after the amendment adding Michigan Court Rule 7.202(6)(a)(v), Michigan substantive law and federal procedural law remain unchanged. *Walton* continues to be an authoritative holding of the Sixth Circuit that Michigan law extends immunity only from liability, and not from suit.   And federal procedural law still determines which orders of a U.S. district court are appealable to a U.S. circuit court. Accordingly, an order of a U.S. district court denying summary judgment on Michigan-law immunity should not be a final order under 28 U.S.C. § 1291, and even if Defendant had raised a state-law immunity defense and the Court had denied summary judgment on that defense, the Court believes that the correct application of Michigan substantive law and federal procedural law would require holding that Defendant's filing of a notice of appeal would not have divested the Court of jurisdiction over the state-law claims.

The Court recognizes that this view does not correspond to recent federal authority on the question.   *See, e.g.*, *Marvin v. City of Taylor*, 509 F.3d 234, 251 (6th Cir. 2007) (citing *Livermore v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007)) (holding that Michigan Court Rule 7.202(6)(a)(v) makes a U.S. district court's denial of summary judgment on state-law immunity a final order of the district court under 28 U.S.C. § 1291 that is immediately appealable to the Sixth Circuit).   The genesis of that line of cases is *Bradley v.*

*City of Ferndale*, 148 F. App'x 499, 512 (6th Cir. 2005).  In *Bradley*, an unpublished opinion, the Sixth Circuit relied on the Michigan Supreme Court's 2002 amendment to Michigan Court Rule 7.202(6)(a)(v) to conclude that there had been a change in Michigan substantive law.  The Court and parties in the case did not address how that could be, since the Michigan Court Rule did not alter the underlying substantive statute and obviously does not control federal procedure.  No Court since *Bradley* has addressed these problems either.  Rather, they have simply cited *Bradley* without elaboration.  *E.g.*, *Livermore v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007).  In this Court's view, *Walton* is and should still be the controlling Sixth Circuit law on the question since it first explicated Michigan substantive law under the controlling statute, and since the Michigan legislature has not changed that substantive law.  At most, the line of cases springing from *Bradley* create a potential panel conflict that begs for authoritative resolution by the Circuit.

### *Prudential Considerations*

As a practical matter, it is also important to recognize the disruption that interlocutory appeals create in the litigation process.  Indeed, this disruption is the principal policy reason underlying the general rule against piecemeal appeals.  *Johnson v. Jones*, 515 U.S. 304, 309 (1995).  The Supreme Court has carved out a narrow exception for federal qualified immunity decisions, *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985), but even that narrow exception has, in practice, expanded beyond the Supreme Court's original basis for it.  The original and understandable justification for the limited right to interlocutory appeal was to

permit resolution of genuinely legal issues so that individual defendants did not have to endure the full trial-court process before having an appellate decision on a purely legal issue. *Johnson*, 515 U.S. at 312 (citing *Mitchell*, 472 U.S. at 528).  However, in practice many motions for summary judgment on qualified immunity do not come up for consideration or decision until discovery has been completed in the case.  The legal immunity issues are often inextricably bound up with factual issues, and denial of summary judgment at this stage of the case has less to do with a narrowly crystalized issue of law than with a morass of genuinely disputed facts.  When interlocutory appeals routinely happen in this context they rarely serve to clarify a decisive legal issue in the case, and they always build new and significant delay into the trial process.  This Court does not believe that this practice is in keeping with the policy rationale of the Supreme Court in *Johnson* and *Mitchell*.

In an effort to address this issue in future cases, this Court intends to include a new deadline in case management orders applicable to cases in which qualified immunity may apply.  The deadline will be early in the case and will be for any qualified immunity issue that a defendant may wish to raise and from which it may elect to take an interlocutory appeal if its motion is denied.  The filing of such a timely motion will, under the case management order, toll discovery and other case management deadlines until the motion is resolved.  If the deadline passes without a motion, the case management order will deem defendants to have waived interlocutory appeal of any denial of summary judgment on a subsequently asserted qualified immunity defense.  *See Yates v. Cleveland*, 941 F.2d 444,

9

448–49 (6th Cir. 1991) (citing *Abel v. Miller*, 904 F.2d 394 (7th Cir. 1990) (Easterbrook, J.); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) (Easterbrook, J.)).  On the one hand, this will effectuate the purposes recited by the Supreme Court in *Johnson* and *Mitchell* by providing defendants with an early opportunity to raise a qualified immunity defense that truly presents a narrow legal issue and that, if granted, would actually protect defendants from not only liability but also suit.  On the other hand, it will also prevent the routine and disruptive use of qualified immunity defenses that come late in the case—after discovery, on the eve of trial, and usually inextricably intertwined with factual disputes.

### *This Case*

Of course, in this case it is not necessary to address the potential conflict between *Walton* and *Bradley*.  *Compare Walton*, 995 F.2d at 1344 (holding that Michigan substantive law provides immunity from liability only, and not from suit), *with Bradley*, 148 F. App'x at 512 (holding that the Michigan Supreme Court's 2002 amendment to Michigan Court Rule 7.202(6)(a)(v) changed Michigan substantive law such that it now provides immunity from suit).  Nor is there any case management order that addresses this issue in this case. Because Defendant did not raise a state-law governmental immunity defense, this Court had no occasion to rule on it, and Defendant obviously could not take an interlocutory appeal on the matter.  Accordingly, the Court will schedule a final pretrial conference and trial to bring this matter to conclusion.  The trial will be on at least the state-law claims.  Granting a stay in this case would simply allow Defendant to delay an inevitable trial of those issues.

The Court believes the trial should include the federal-law claims too since as a practical matter, the factual issues resolved on the state law claims will have significant, if not controlling, impact on federal liability anyway based on the application of issue preclusion.  Indeed, because the factual issues that Defendant is bound to try on the state-law claims are also key for resolution of federal qualified immunity, Defendant has effectively waived interlocutory appeal on that issue too by failing to assert in his motion any immunity defense to the state-law claims.[2]  *See Yates*, 941 F.2d at 448–49 (holding that *Forsyth* appeals are not "an entitlement to block trial," and an interlocutory appeal is inappropriate if it would simply delay trial).  This means Defendants have, as a practical matter, waived their right to interlocutory appeal on the federal qualified immunity defense in this case, and the Court so holds.  *See id.*

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion for a Stay (docket # 177) is **DENIED**.  The Court will issue a separate order scheduling a final pretrial conference and trial date on all triable issues.

Dated:     May 6, 2008             /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE

---

[2]The state and federal claims will involve essentially identical issues of fact.  As explained at the hearing on Defendant's motion for summary judgment, Plaintiff will have a claim for both battery and excessive force if a jury finds that Plaintiff was passively, not actively, resisting; that he was restrained at the time of the knee strike; and that Defendant's use of force was wanton and malicious and delivered with intent to cause harm.  The tests for battery and excessive force in this case are so similar that the jury's findings of fact will likely apply not only the state-law issues but also the federal-law issues.